**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SMARTWATCH MOBILECONCEPTS LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>TIMEX GROUP USA, INC.,<br><br>    *Defendant*. | No. 3:24-cv-1294-SVN |

**SCHEDULING ORDER**

Upon consideration of the parties' Rule 26(f) Report (ECF No. 22) and discussion at the

scheduling conference on December 9, 2024, the following dates are hereby adopted as

reasonable and appropriate to serve the purposes of Fed. R. Civ. P. 1.

- **Pleadings and Joinder.**  The Court will set certain deadlines for the parties to file amended pleadings and join parties after resolving Defendant's motion to dismiss, ECF No. 18.  Plaintiff's response to the motion to dismiss is due **December 16, 2024**.  In the meantime, any motions to amend the complaint by Plaintiff or join parties by any party will be governed by Fed. R. Civ. P. 15.

- **Initial Disclosures.** Pursuant to Rule 26(a)(1), initial disclosures must be exchanged by **December 16, 2024**.

- **Patent Contentions.**

    - Disclosure of Asserted Claims and Infringement Contentions. On or before **January 13, 2025**, Plaintiff shall serve preliminary infringement contentions setting forth:

        - Each claim of each patent in suit that is allegedly infringed upon by the opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271, and whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents;

        - Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of the opposing party of which the party is aware;

- Where in the Accused Instrumentality each element of the asserted claim(s) are found;

- If willful infringement is alleged, the basis for such allegation;

- The timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

- The priority date (i.e., the earliest date of invention) for each asserted claim.

With its infringement contentions, Plaintiff shall produce to Defendant:

- All documents evidencing conception and reduction to practice for each claimed invention; and

- A copy of the file history for each patent in the lawsuit.

- Invalidity Contentions. On or before **February 24, 2025**, Defendant shall serve preliminary invalidity contentions setting forth:

  - Where in the prior art references each element of the asserted claim(s) are found;

  - An identification of any limitations Defendant contends are indefinite or lack written description under 35 U.S.C. § 112; and

  - An identification of any claims Defendant contends are directed to ineligible subject matter under 35 U.S.C. § 101. Any such contention related to § 101 shall:

    - (1) Identify the alleged abstract idea, law of nature, and/or natural phenomenon in each challenged claim;
    - (2) Identify each claim element alleged to be well-understood, routine, and/or conventional; and
    - (3) To the extent not duplicative of 35 U.S.C. §§ 102/103 prior art contentions, prior art for the contention that claim elements are well-understood, routine, and/or conventional.

With the invalidity contentions, Defendant shall produce to Plaintiff:

- All prior art referenced in the invalidity contentions; and

- Technical documents, including software where applicable,

sufficient to show the operation of the accused product(s).

- To the extent it may promote early resolution, the Court encourages the parties to exchange license and sales information, but any such exchange is optional during the pre-*Markman* phase of the case.

Amendment of the infringement contentions or invalidity contentions may be made only by order of the Court upon a timely showing of good cause.

- **Claim Construction.**

  - <u>Joint Claim Construction Chart:</u> The parties shall meet and confer to prepare a joint claim construction chart to be filed with the Court on **April 21, 2025**.  This chart shall:

    - Identify for the Court the term(s)/phrase(s) of the claim(s) in issue; and

    - Include each party's proposed construction of the disputed claim language with citations to only the intrinsic evidence in support of their respective proposed constructions.

    The parties shall submit a copy of the patent(s) at issue as well as those portions of the intrinsic record relied upon with this joint claim construction chart.

  - <u>Claim Construction Briefing:</u> Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on claim construction on or before **May 12, 2025**.  Defendant shall serve, but not file, its answering claim construction brief, not to exceed 20 pages, on or before **June 2, 2025**.  Plaintiff shall serve, but not file, its reply brief not to exceed 10 pages, on or before **June 16, 2025**.  No sur-reply brief will be permitted without leave of Court.

    No later than **June 23, 2025**, the parties shall file a joint claim construction brief on the docket.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order in substantially the form below:

    I.      Agreed-upon Summary of Law Relating to Claim Construction
    II.     Agreed-upon Constructions
    III.    Disputed Constructions
            a.  [Term 1]
                    i.  Plaintiff's Opening Position
                    ii.  Defendant's Answering Position

      iii. Plaintiff's Reply Position

If there are any materials that would be submitted in an appendix, the parties shall file them in a joint appendix.

- Claim Construction Hearing: The Court anticipates that the claim construction hearing will be scheduled in July or August of 2025, with an exact date to be set in the coming months.

  The parties shall notify the Court, by joint letter submission, no later than **June 23, 2025**:

  - Whether they seek to present a technical tutorial as part of the hearing;
  - Whether they request leave to present testimony at the hearing;
  - The amount of time they are requesting be allocated to them for the hearing; and
  - The order in which they intend to present the claim terms at issue, including which side will present first for each term.

  At least ten days before the hearing date, parties shall exchange with one another and provide for the Court any technical tutorials they intend to lead as part of the claim construction hearing.

- **Fact Discovery.** Fact discovery may commence immediately. Depositions of fact witnesses will commence by **February 18, 2025,** and be completed by **April 18, 2025**.

- **Discovery Relating to Expert Witnesses; Dispositive Motions;** *Daubert* **Motions.** Within fourteen days of the Court's claim construction ruling, the parties shall submit a proposed schedule for expert discovery, as well as proposed deadlines for dispositive motions and *Daubert* motions.

- **Motions to Compel.** Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed within 30 days after the response was due under the Federal Rules of Civil Procedure, that is, within 60 days of the service of the request. If the parties are negotiating in good faith in attempt to resolve the discovery dispute, a motion to extend this deadline may be filed. Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel. Any motions relating to discovery must fully comply with the Local Rules, as well as the Federal Rules of Civil Procedure. The parties are directed to review Local Rule 37 before filing any discovery motion.

The Court encourages the parties to discuss settlement as soon as possible.   Nearly all

civil cases settle, and at some point in this case, the Court will refer the parties to a U.S. Magistrate Judge to explore the potential for settlement. The sooner the parties look seriously at the possibility for settlement, the less expensive the litigation will be for the parties. The Court understands that sometimes it is necessary to conduct some discovery before the parties can engage in productive mediation. If this is such a case, the Court encourages the parties to discuss exchanging limited discovery before engaging in a formal settlement conference. But the parties may begin settlement discussions at any time, on their own, through a private mediator, or with the assistance of a U.S. Magistrate Judge.

The parties are advised that the Magistrate Judges may not be able to conduct settlement discussions on short notice. Accordingly, the parties should seek a referral for settlement discussions at the earliest possible date. To do so, any party may file a brief motion for a referral to a Magistrate Judge, representing that all parties have conferred and agree that such a referral would be appropriate.

Counsel shall provide each named party to this action with a copy of this Order.

IT IS SO ORDERED.

/s/ *Sarala V. Nagala*
 Sarala V. Nagala,
 U.S.D.J.

Dated:          Hartford, Connecticut
                **December 10, 2024**